**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Pablo RODRIGUEZ, Defendant–Appellant.**

**No. 01–4047.**

United States Court of Appeals, Seventh Circuit.

Submitted Aug. 20, 2002.

Decided Aug. 20, 2002.

Before BAUER, KANNE, EVANS, Circuit Judges.

### ORDER

In May 2001 Pablo Rodriguez pleaded guilty to one count of possessing three kilograms of cocaine with intent to distribute, 21 U.S.C. § 841(a)(1). The district court sentenced him to 136 months' incarceration to run concurrently with a state prison sentence, and four years' supervised release. The court also imposed a $1000 fine and a $100 special assessment. Rodriguez's appointed counsel have now moved to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because they are unable to discern a nonfrivolous issue for appeal. Because Rodriguez declined our invitation to file a response, *see* Circuit Rule 51(b), and counsel's *Anders* brief is facially adequate, we limit our review of the record to the potential issues identified in the brief, *see United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997) (per curiam).

Counsel first evaluate whether Rodriguez could challenge the voluntariness of his guilty plea on the basis that the district court failed to comply with Federal Rule of Criminal Procedure 11. Rodriguez did not ask the court to allow him to withdraw his plea; therefore, only plain error could justify relief. *See United States v. Vonn*, ─── U.S. ───, 122 S.Ct. 1043, 1046, 152 L.Ed.2d 90 (2002). Before addressing counsel's analysis, we note that this potential issue likely should not have been explored—nothing in the record suggests that Rodriguez wants to withdraw his guilty plea, and we recently instructed attorneys to avoid discussing potential arguments concerning defective plea colloquies in an *Anders* submission unless they are certain that the defendant wants to withdraw his plea. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir.2002).

In any event we agree with counsel that a potential challenge to Rodriguez's guilty plea would be frivolous. The district court informed him of the nature of the charge, the possible penalties he faced, the effect of supervised release, and the application of the sentencing guidelines to his case. *See* Fed.R.Crim.P. 11(c)(1). The court also informed Rodriguez of his right to maintain a plea of not guilty, and explained the various rights that he was giving up by pleading guilty. *See* Fed.R.Crim.P. 11(c)(3) and (4). Moreover, the government presented to the court a specific factual basis that adequately supports each essential element of the drug offense, *see* Fed.R.Crim.P. 11(f), and Rodriguez agreed that the government would be able to prove the scenario presented. The court also questioned Rodriguez to ensure that

he was not pressured or coerced to plead guilty, *see* Fed.R.Crim.P. 11(d), and informed him that his sworn testimony at the plea colloquy could be used against him in a future perjury prosecution, *see* Fed.R.Crim.P. 11(c)(5).

Counsel also consider whether Rodriguez could make a nonfrivolous challenge to his sentence. But as counsel correctly note, Rodriguez withdrew his objections to the presentence investigation report, thereby waiving appellate challenges to the district court's adoption of the report's sentencing calculations. *See United States v. Scanga,* 225 F.3d 780, 783 (7th Cir.2000), *cert. denied,* 531 U.S. 1097, 121 S.Ct. 827, 148 L.Ed.2d 709 (2001).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.